IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | |
|---|---|
| **MELVIN ANTONIO BENITEZ,** § <br> #19275-078 § <br> § <br> VS. § <br> § <br> UNITED STATES OF AMERICA § | § <br> § <br> **CIVIL ACTION NO. 4:16cv340** <br> **CRIMINAL ACTION NO. 4:11cr196(26)** <br> § <br> § |

### MEMORANDUM OPINION AND ORDER

*Pro se* Movant Melvin Antonio Benitez filed a "Rule 60 (b) Motion to Reopen the Motion to Vacate." (Dkt. #32).

A review of the case shows that the Report and Recommendation issued on August 5, 2019. (Dkt. #20). In it, the United States Magistrate Judge, finding no merit in Movant's issues, recommended that Movant's 28 U.S.C. § 2255 motion be denied and his case dismissed with prejudice. Having received no timely objections, the Court issued Final Judgment (Dkt. #22) on September 8, 2019. The Court did not receive objections until September 19, 2019. (Dkt. #25).

Movant filed a motion for reconsideration on October 7, 2019, claiming that the Court's reasoning in dismissing his case was because he filed no timely objections. (Dkt. #26). The Court noted that Movant was mistaken, explaining that the Court reviewed the case and found that the findings and conclusions contained in the Report and Recommendation were correct and adopted them. (Dkt. #28). The Court then conducted a *de novo* review of the case and found Movant's objections to be without merit. (Dkt. #28). On January 28, 2022, the Court dismissed Movant's motion for reconsideration (Dkt. #26). (Dkt. #28). Movant did not file an appeal.

On March 4, 2025, Movant filed the instant motion for relief from judgment pursuant to Federal Rule of Civil Procedure 60(b). (Dkt. #32). Movant raises new claims for relief and requests

that the Court vacate his conviction on Count 1 of the superseding indictment or, alternatively, resentence him.

The Court must first determine whether Movant's motion is properly brought under Rule 60 or if it is a second or successive § 2255 motion. A Rule 60(b) motion is not successive if it attacks "not the substance of the federal court's resolution of a claim on the merits, but some defect in the integrity of the federal habeas proceedings." *Gonzalez v. Crosby*, 545 U.S. 524, 532 (2005). "A Rule 60(b) motion that raises new substantive claims or attacks the district court's merit-based resolution of prior § 2255 claims should be construed as a successive § 2255 motion." *United States v. Wallace*, 628 F. App'x 310, 311 (5th Cir. 2016) (citing *Gonzalez*, 545 U.S. at 530, 532 & n.4; *United States v. Hernandes*, 708 F.3d 680, 682 (5th Cir. 2013)). When a movant's post-judgment motion is an attempt to gain relief from his conviction, a court should construe it as a § 2255 motion. *United States v. Ruiz*, 51 F. App'x 483 (5th Cir. 2002); *United States v. Rich*, 141 F.3d 550, 551-52 (5th Cir. 1998) (explaining that motions for reconsideration should be construed as successive habeas petitions governed by the AEDPA's provisions), *cert. denied*, 526 U.S. 1011 (1999).

In the present case, because Movant's Rule 60(b) motion challenges his underlying conviction and sentence and involves new claims, the motion must be construed as a successive § 2255 motion. A second or successive motion filed by a person attacking a sentence under 28 U.S.C. § 2255 must be certified as provided in 28 U.S.C. § 2244 by a panel of the appropriate court of appeals before it can be heard in the district court. *See Burton v. Stewart*, 549 U.S. 147, 152 (2007); *In re Elwood*, 408 F.3d 211, 212 (5th Cir. 2005). Accordingly, the Court lacks jurisdiction to consider the present motion unless leave to file the same is granted by the United States Court

of Appeals for the Fifth Circuit. *See United States v. Key*, 205 F.3d 773, 774 (5th Cir. 2000) (stating that the district court lacked jurisdiction because the movant filed a prior § 2255 motion and the Fifth Circuit did not grant permission to file a successive § 2255 motion). Movant fails to allege or show that the Fifth Circuit granted him permission to file a successive § 2255 motion. Therefore, the present motion should be dismissed for want of jurisdiction.

Movant also filed a "Motion to Consider Government's Failure to Respond as Conceding to the Merits of Petitioner/Defendant's Rule 60(b) Motion." (Dkt. #33). The government was not ordered to respond to Movant's Rule 60(b) motion. Thus, Movant's motion is without merit.

## CERTIFICATE OF APPEALABILITY

A § 2255 movant must obtain a certificate of appealability before appealing the denial of a Rule 60(b) motion in all but very narrow circumstances. *Hernandez v. Thaler*, 630 F.3d 420, 428 (5th Cir. 2011); *Canales v. Quarterman*, 507 F.3d 884, 888 (5th Cir. 2007) (holding that a certificate of appealability "is not required to appeal the denial of a Rule 60(b) motion . . . only when the purpose of the motion is to reinstate appellate jurisdiction over the original denial of habeas relief")

A certificate of appealability may issue only if a movant has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). The Supreme Court explained the requirement associated with a "substantial showing of the denial of a constitutional right" in *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). In a case in which a district court rejected constitutional claims on the merits, the movant must demonstrate that "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Id.*; *Henry v. Cockrell*, 327 F.3d 429, 431 (5th Cir. 2003). When a district court denies a motion on procedural grounds without reaching the underlying constitutional claim, a certificate of appealability should issue when the

3

movant shows, at least, that jurists of reason would find it debatable whether the motion states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling. *Id.*

In this case, reasonable jurists could not debate the dismissal of Movant's second or successive § 2255 motion, nor would they find that the issues presented are adequate to deserve encouragement to proceed. *See Miller-El v. Cockrell*, 537 U.S. 322, 336-37 (2003) (citing *Slack*, 529 U.S. at 484). Movant is therefore not entitled to a certificate of appealability.

## CONCLUSION

For the foregoing reasons, Movant's "Rule 60(b) Motion to Reopen the Motion to Vacate" (Dkt. #32), construed as a second or successive § 2255 motion, is **DISMISSED** for lack of jurisdiction. It is further **ORDERED** that a certificate of appealability is **DENIED**.

It is also **ORDERED** that Movant's "Motion to Consider Government's Failure to Respond as Conceding to the Merits of Petitioner/Defendant's Rule 60(b) Motion" (Dkt. #33) is **DENIED.**

It is finally **ORDERED** that all motions not previously ruled on are **DENIED**.

**SIGNED this 28th day of May, 2025.**

_____
AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE